## G. M. MULLIGAN v. G. W. NEETER.

**Attachments—Levy Confers no Title but Mere Equity—Interest of Creditors.**

When an attaching creditor places his attachment in the hands of the sheriff and has it levied he acquires no legal right or title to the property. It is a mere equity and he cannot sell more than his creditor's interest.

**Attachments—Prior Equity Not Affected by Levy—Title Bond Creates Equity.**

If A has a bond for title to land from B and C, after the date of the bond attaches the land, the equity of A must prevail.

February 28, 1872.

APPEAL FROM ALLEN CIRCUIT COURT.

OPINION BY JUDGE PRYOR:

The deed made to the appellant for the land in controversy was executed on the 23d of April, 1870, and acknowledged on the 29th day of the same month, and recorded on the 2d of May of the same year. The attachment was issued, or placed in the hands of the sheriff, on the 25th of April, the same day on which the deed to the appellant was acknowledged. The attaching creditor, when he places his attachment in the hands of the sheriff and has it levied, acquires no legal right or title to the property attached. It is a mere equity, and by the levy he acquires the right to sell no other interest in the property than his debtor had in it at the time the levy was made. If third persons have prior equities existing before the attachment is issued and these equities are asserted, the attachment creditor's claim is subordinate to such equities.

In this case the land had been sold before the attachment was issued or was placed in the hands of the sheriff, and whether

acknowledged or not it created an equity prior in date to the equitable claim of the appellee. If A has a bond for title to land from B and C after the date of the bond attaches the land, the equity of A must prevail if asserted as it is prior in date. In this case there is no fraud alleged, and the question presented is a contest between equities and the older equity must succeed, in fact the record shows that the equity of the appellant has been merged into the legal title. The judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.

*Gatewood, for appellant.*

*Leslie, for appellee.*